IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN PABLO CHAVEZ ) | |
|     **Plaintiff,** ) | |
| vs. ) | No. 3:22-CV-0007-D-BH |
| ) | |
| CAPELLA, et al., ) | |
|     **Defendants.** ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, this case should be dismissed without prejudice for failure to prosecute or comply with court orders.

**I.  BACKGROUND**

The *pro se* plaintiff filed this action against a university, several related defendants, the United States Department of Education, and unidentified defendants, on January 3, 2022. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 4, 2022, he was notified that his complaint did not comply with Fed. R. Civ. P. 8(a) and that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) The order specifically advised the plaintiff that he must file a compliant complaint and either pay the filing fee or file his IFP application within fourteen days, and that a failure to do so could result in the dismissal of his case. *Id.* The plaintiff ultimately filed an amended complaint and an IFP motion, and he was granted leave to proceed IFP on February 2, 2022. (*See* docs. 14, 15, 17.)

On that same date, the plaintiff was also sent a magistrate judge's questionnaire to obtain more information about his claims. (*See* doc. 16.) The questionnaire specifically advised him that his answers were due within fourteen days, and that a failure to file them could result in the

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

dismissal of the case. *Id.* That same day, he filed a document which simply stated, "Motion for extension of time to respond to questionnaire" and asked for "maximum/reasonable extension to respond to questionnaire." (*See* doc. 18.) Because it did not explain why he needed additional time and had therefore not shown good cause for an extension, the motion was denied "at that time." (*See* doc. 19.) The plaintiff failed to file another motion for an extension of time that explained why he needed an extension, or to file his questionnaire answers. On February 16, 2022, he was sent a second questionnaire to obtain more information about his claims. (*See* doc. 21.) The second questionnaire specifically advised him that his answers were due within fourteen days, and that a failure to file them could result in the dismissal of the case. *Id.* After more than fourteen days from the date of both questionnaires had passed, but the plaintiff had failed to file his questionnaire answers, or anything else in this case, it was recommended that this case be dismissed for failure to prosecute or comply with court orders. (*See* doc. 22.)

On April 27, 2022, this matter was re-referred for additional screening in order to ensure that the plaintiff was given a fair opportunity to prosecute his lawsuit and to comply with court orders. (*See* doc. 24.) He was expressly cautioned, however, that his failure to prosecute this suit or comply with court orders would likely result in dismissal. (*Id.*)

On April 28, 2022, a third questionnaire was sent to the plaintiff to obtain more information about his claims against numerous defendants who do not appear to be located in this district. (*See* doc. 25.) The third questionnaire again specifically advised him that his answers were due within fourteen days, and that a failure to file them could result in the dismissal of the case. *Id.* The plaintiff sought and was granted an extension of time to file his responses. (*See* docs. 26, 27.) On June 10, 2022, he filed miscellaneous documents and a copy of a law review article, but it is not

2

apparent how the documents relate to his claims in this lawsuit. (*See* docs. 28, 29.) He has still failed to file his questionnaire answers, however, or provide any information about his claims against the defendants.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Despite a third opportunity to clarify his claims and avoid dismissal of this action, and despite an express warning of the consequences of a failure to comply with court orders, the plaintiff has again failed to comply with orders to submit questionnaire answers. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with his claims in this case in this district, it should be dismissed.

## III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the plaintiff's filings do not allege that any of the defendants are located

3

or reside in this district.  It is unclear from his filings whether any of the events or omissions giving rise to his claims occurred here.  Venue does not appear to lie in this district for the plaintiff's claims.

> Section 1406(a) of Title 28 of the United States Code provides:
>
> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.  Courts may transfer a case *sua sponte*.  *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).  They have broad discretion in determining the propriety of a transfer.  *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer the plaintiff's claims to the appropriate districts.  The correct venue is not apparent from the plaintiff's filings, and he has yet to identify the defendants or his specific claims against them.  All claims against the defendants should be alternatively dismissed without prejudice for improper venue.

### IV.  RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files questionnaire answers within the time for objecting to this recommendation, or by some other deadline set by the court.  In the alternative, the case should be dismissed without prejudice for improper venue.

**SO RECOMMENDED on this 11th day of July, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                               */s/ Irma Carrillo Ramirez*
                                                             IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE