IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN PABLO CHAVEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 3:22-CV-0007-D (BH) |
| | ) | |
| CAPELLA, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, any claims against the United States Department of Education under the Higher Education Act should be **DISMISSED without prejudice** for lack of subject matter jurisdiction, and all remaining claims should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

On January 3, 2022, Juan Pablo Chavez (Plaintiff) filed an original complaint that simply stated "RICO". (*See* doc. 3 at 1.)[2] Attached were copies of e-mails regarding his attempt to obtain an extension of time to complete a course at Capella University (Capella) and his request for a tuition refund, and pleadings and orders from an unrelated case he filed in the United States District Court for the Southern District of New York. (*See id*. at 2-31.) He subsequently filed an amended complaint alleging that he had "not received a refund of [his] student loans" despite a "total disability imposition," that he was made to take an introduction to business class twice but charged the non-introduction rate, and that he was never given access to the non-introduction business

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

courses. (doc. 17 at 5.) It also alleges that he was given a zero on an assignment when he was told the teacher gave him a 110, he was not permitted to turn in homework, and he received a failing grade despite having already passed the introduction to business course. (*See id.*)

Plaintiff sues Capella; its owner, Strategic Education Inc. (SEI); various faculty members and/or employees, including Amanda Tanner (Tanner), Kelly Stratman (Stratman), Michelle Adderly (Adderly), Keith Seidl (Seidl), and Paul Jeannotte (Jeannotte); and the United States Department of Education (DOE). (*See* doc. 17 at 4; doc. 34 at 10.)[3] He claims that Capella, SEI and Tanner violated his "equal rights" and the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* (ADA), by only giving him 101 minutes to turn in an assignment that would qualify him for an extension of time to turn in other coursework and take other classes. (*See* doc. 34 at 3-5.) He contends that Stratman "advised extension policy untimely" and Adderly engaged in "e-mail fraud." (*Id.* at 6-7.) Plaintiff's cause of action against Seidl is for "reading comprehension/corona"; DOE "spends [his] unbankruptable money without letting [him] touch it. Can't refund one introductory online business course. Excluded [him] from disability relief." (*Id.* at 8-9.) He alleges that Jeannotte did not provide a "refund for intro class" in violation of his equal rights and/or the Truth in Lending Act (TILA). (*Id.* at 10.)

Plaintiff wants his student loans to be forgiven or discharged, a full refund for "dev. bus. persp. course," $100,000.00 in damages for "multiple counts of wire fraud," and "a respectable education/degree(s) at a non-vastly-inflated price." (*See* doc. 17 at 6; doc. 34 at 4, 12.)[4]

---

[3] Does 1-19 and Ron Tubman are also listed as defendants on the docket sheet, but Plaintiff does not appear to be suing these defendants. (*See* doc. 34 at 10.)

[4] Plaintiff also separately filed other documents including, but not limited to, a copy of a law review article (doc. 29), copies of e-mail exchanges with Capella employees and others (doc. 23 at 4, 8; doc. 28 at 2-3; doc. 35-1 at 1-8), and a copy of a "Borrower Defense to Repayment Guide" from the New York Legal Assistance Group (doc. 28-1 at 1-16.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. CLAIMS AGAINST THE DOE

Plaintiff appears to sue the DOE for the discharge or refund of his student loan debt due to his alleged "total permanent disability" status. (doc. 17 at 5-6; doc. 34 at 9.)[5]

"[T]here appear to be two possible causes of action for discharging federally guaranteed student loans: the [Higher Education Act] and the [Administrative Procedure Act]." *Winston v. Department of Education*, Civil Action No. DKC 21-1358, 2022 WL 2466792, at *3 (D. Md. July 6, 2022). "The HEA sets out limited circumstances under which the DOE shall discharge student debt." *Id.* (citing 20 U.S.C. § 1087(a)). And "requests for discharge under the HEA are often

---

[5]Plaintiff's responses to a magistrate judge's questionnaire are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

adjudicated within an APA suit" because "[m]any federal district and circuit courts have concluded that the APA grants federal district courts subject matter jurisdiction over cases seeking declaratory and injunctive relief for injuries caused by the Secretary's decisions under the HEA." *Id.* (citing *Gavin v. Dep't of Air Force*, 324 F.Supp.3d 147, 151 (D.D.C. 2018); *Wimberly v. U.S. Dep't of Educ.*, No. 12-cv-7773, 2013 WL 6123172, at *2 (S.D.N.Y. Nov. 12, 2013)) then quoting *Adams v. Duncan*, 179 F.Supp.3d 632, 640 (S.D.W.V. 2016)).

## A. HEA

The HEA provides that the Secretary may "sue and be sued…in any district court of the United States." 20 U.S.C. § 1082(a)(2).[6] Section 1082 of the HEA states that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control." 20 U.S.C. § 1082(a)(2). "Courts have repeatedly held that [§ 1082(a)(2)] prohibits claims for injunctive relief against the Secretary in relation to his powers under the HEA." *Lipczenko v. Duncan*, No. 09-cv-1407-CCB, 2010 WL 672846, at *1 (D. Md. Feb. 22, 2010) (collecting cases); *see also Carr v. Devos*, 369 F.Supp.3d 554, 559 (S.D.N.Y. 2019).

Here, Plaintiff seeks a discharge or "refund" of his student loan debt because of a disability. (doc. 17 at 5-6; doc. 34 at 9.) As this would "necessarily prohibit the Department of Education from enforcing the loan agreements and attempting collection on outstanding debt," it is "'plainly

---

[6] "It is axiomatic that the United States [and its agencies] may not be sued without its consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). "[T]he United States may not be sued except to the extent that it has consented to suit by statute," and "[w]here the United States has not committed to suit or the plaintiff has not met the terms of the statute, the court lacks jurisdiction and the action must be dismissed." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Koehler v. United States*, 153 F.3d 263, 266 (5th Cir. 1998)). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

injunctive.'" *Winston,* 2022 WL 2466792, at *4 (finding that the plaintiff's request for "recission of the [loan] contract with extinguishing all duties and obligations of the such" to be a request for injunctive relief under the HEA and barred by sovereign immunity) (quoting *Dennis v. U.S. Dep't of Educ.* No. 19-cv-2064-DKC, 2020 WL 6450212, at *5 (D. Md. Nov. 3, 2020)). Accordingly, jurisdiction over any HEA cause of action seeking discharge is lacking.

   B. **APA**

The APA states that an action "seeking relief other than money damages and stating a claim that an agency…acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States[.]" 5 U.S.C. § 702. As noted, "[m]any federal district courts and circuit courts have concluded that the APA grants federal courts subject matter jurisdiction over cases seeking declaratory and injunctive relief for injuries caused by the Secretary's decision under the HEA." *Adams*, 179 F.Supp.3d at 640 (collecting cases).

The scope of an APA cause of action is limited, however. Where "review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (citing 5 U.S.C. § 704). To be "final," an agency action must "mark the consummation of the agency's decisionmaking process" and "be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Engrs. v. Hawkes Co.*, 578 U.S. 590, 599 (2016)

Here, Plaintiff has not alleged or shown that DOE has taken a final agency action regarding his eligibility for discharge of his loans. Even if he is asserting an APA claim, there is no final

agency action to review. *See Winston*, 2022 WL 2466792, at *5-6. Any APA claim should be dismissed for failure to state a claim.

### IV. SECTION 1983

Plaintiff vaguely suggests that some defendants violated his "equal rights." (*See*, *e.g.*, doc. 34 at 3.) To the extent that he is asserting § 1983 claims, he must allege facts showing that (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

Here, there is no indication from Plaintiff's allegations that any defendant is a state actor. Courts have specifically held that Capella and its teachers and faculty are private parties. *See*, *e.g.*, *Ofor v. Capella for Profit Online Univ.*, Case No. 17-CV-5301 (DSD/DTS), 2018 WL 1403327, at *1 (D. Minn. Mar. 2, 2018), *rec. accepted* 2018 WL 1401814 (D. Minn. Mar. 20, 2018) ("Capella is a private party, not a state actor. The same is true of the professors of Capella University named as defendants to this action.").

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). In *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen…to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* at 420 (citing *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). The plaintiff must allege: (1) an

6

agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. *Id.* Plaintiff does not allege anything like that here.

In the absence of an alleged conspiracy with a state actor, a private party can be also held to be a state actor (1) when there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed that of the state. *Blum*, 457 U.S. at 1004.

Plaintiff has not alleged facts showing state action under any of these tests. He fails to allege any state action, so any § 1983 claims should be dismissed.

## V.  OTHER FEDERAL CAUSES OF ACTION

Plaintiff vaguely references the ADA, TILA, and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. (doc. 17 at 6; 34 at 3, 10.) His conclusory and vague references to federal statutes—without any factual allegations in support—are insufficient to state a claim. *See*, *e.g.*, *Matthews v. High Island Indep. School Dist.*, 991 F.Supp. 840, 845 (S.D. Tex. 1998) ("Merely alleging, as Plaintiffs have here, that a defendant's acts constitute sexual harassment 'as those terms are known under well-established federal case law' is purely conclusory, and plainly insufficient to state a claim upon which relief can be granted."); *Smith v. Kliebert*, Civil Action No. 15-1775, 2015 WL 4875988, at *4 (E.D. La. Aug. 12, 2015) ("Regarding Plaintiff's claims under federal law, the Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted. The Court finds that the Complaint

7

only includes conclusory allegations and a general listing of federal statutes that are not connected to any specific facts and do not appear to state a cognizable claim.").

To state a *prima facie* case under the ADA, a plaintiff must plausibly allege that he was discriminated against on the basis of a qualifying disability. *See*, *e.g.*, *Caldwell v. Parker Univ.*, No. 3:18-cv-1617-BN, 2018 WL 6199287, at *4 (N.D. Tex. Nov. 27, 2018) (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)). Plaintiff's vague allegations do not describe his disability, much less show that it qualifies under the ADA, or that any defendant discriminated against him based on it. Plaintiff's ADA claim is meritless and should be dismissed.

As for TILA, Plaintiff includes no facts to support this claim. To the extent that his TILA claim relates to his government-issued student loans, "Congress has expressly exempted student loans from the purview of the Truth in Lending Act." *U.S. v. Forrest*, No. 11-14461, 2012 WL 3237192, at *3 (E.D. Mich. July 12, 2012), *rec. accepted* 2012 WL 3235046 (E.D. Mich. Aug. 7, 2012) (citing 15 U.S.C. § 1603(6); *Jackson v. Culinary Sch. of Washington*, 788 F.Supp. 1233, 1249 (D.D.C. 1992); 12 C.F.R. 226.3). Plaintiff's TILA claim is meritless and should be dismissed.

Finally, a RICO claim has three elements: "1) a person engages in, 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted). A pattern of racketeering activity consists of two or more predicate acts, federal or state, "that are 1) related and 2) amount to or pose a threat of continued criminal activity." *Id.* "Civil RICO liability does not exist unless the pleadings allege actual criminal activity." *Gabriel v. Outlaw*, Case No. 3:20-CV-60-E-BK, 2021 WL 1030157, at *2 (N.D. Tex. Mar. 1, 2021), *rec. accepted* 2021 WL 2720139 (N.D. Tex. June 30, 2021).

Plaintiff fails to plausibly allege the necessary elements of a RICO claim. There are no factual allegations demonstrating a pattern of racketeering behavior, and he does not plausibly allege that any Defendant engaged in criminal activity. Any RICO claim is meritless and should be dismissed.

## VI.  STATE LAW CLAIMS

Plaintiff alleges that SEI charged him the "non-intro rate" for an introduction to business class and did not give him access to non-introduction business courses. He also complains that he received a failing grade and was not "permitted to turn in homework" due to not getting an extension. (*See* doc. 17 at 5; doc. 34 at 3.) Under the most liberal construction, these allegations attempt to state a breach of contract claim under state law. Plaintiff's claim that Adderly engaged in "email fraud" may be construed as a state law fraud claim. (doc. 34 at 7.)

Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendant or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v.*

*Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[7] This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endant jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over any state law claims because they arise from the same "common nucleus of operative facts" as the federal claims. Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two district courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given that Plaintiff's claims are meritless, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. 3:00-CV-2247-D, 2003 WL 21488211, at *12 (N.D. Tex. May 11, 2003), *aff'd*, 108 F. App'x

---

[7]Under 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it had original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

862 (5th Cir. 2004) (in determining whether to exercise pendant or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating a case).

In Texas, a breach of contract plaintiff must allege: "1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of Am.*, 343 F.3d 540, 545 (5th Cir. 2003). Further, as a federal pleading requirement, the plaintiff is required to point to a specific term of the contract that the defendant allegedly violated to state a plausible breach of contract claim. *See Hogan v. Southern Methodist Univ.*, 595 F.Supp.3d 559, 564 (N.D. Tex. 2022) (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014); *Baker v. Great N. Energy, Inc.*, 64 F.Supp.3d 965, 971 (N.D. Tex. 2024); *Chapa v. Chase Home Fin. LLC*, No.. CIV.A. C-10-359, 2010 WL 5186785, at *5 (S.D. Tex. Dec. 15, 2010)).

Here, Plaintiff has not identified a specific contractual provision that SEI (or any other defendant) violated. That alone is sufficient reason to dismiss any breach of contract claims. *See*, *e.g.*, *id.* Any breach of contract claim under state law is meritless and should be dismissed.[8]

Finally, Plaintiff claims that Adderly engaged in "email fraud." (doc. 34 at 7.) There are no accompanying factual allegations. To the extent that Plaintiff is attempting to state law fraud claim such claim should be dismissed as meritless because simply listing a legal concept like fraud, without any facts in support, is insufficient to state a claim. *See*, *e.g.*, *Nasim v. Goodley*, No. CIV.A. 14-2647, 2015 WL 631246, at *2 (E.D. La. Feb. 12, 2015) ("[P]*ro se* litigants are not exempt from

---

[8] Whether another state's substantive might apply to any state law claims has been considered because this case seems to have little connection to Texas. Ultimately, however, the requirement that a breach-of-contract plaintiff identify the breached contractual provision is a pleading requirement that applies regardless of the substantive law. *See Hogan*, 595 F.Supp.3d at 564 ("Hogan has not pointed to a specific term in a contract, express or implied, that guarantees in-person education. This is something federal courts hold breach of contract plaintiffs to. This principle is less about breach claims and more about federal pleading standards.") (citations omitted). The same is true of the rule that merely listing a legal principle without accompanying facts will not state a claim. Plaintiff's allegations fail to state a claim regardless of which state's law applies.

the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal.").[9]

## VII. LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to a detailed questionnaire and has plead his best case, or, at the least, has had ample opportunity to do so. His claims clearly lack merit. Further leave to amend is neither necessary nor warranted. *See, e.g.*, *Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## VIII. RECOMMENDATION

Any claims against the Department of Education under the HEA should be **DISMISSED without prejudice** based on sovereign immunity. All of Plaintiff's other claims should be **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

---

[9] Any claims against Does 1-19 and Ron Tubman under federal or state law would fail for the same reasons as Plaintiff's claims against the other defendants.

**SO RECOMMENDED** on this 31st day of May, 2023.

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
UNITED STATES MAGISTRATE JUDGE